The Hon. Richard A. Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>APPROXIMATELY 149 LOTS OF STAMPS AND OTHER COLLECTIBLE ITEMS ASSOCIATED WITH INVOICE NUMBERS 33736, 33767, 33786, 33801, AND 33942, SEIZED FROM ROBERT A. SEIGEL AUCTION GALLERIES, INC.,<br><br>Defendant,<br>and<br><br>SIDNEY AND ANN HATHAWAY,<br><br>LENA FAYE SMITH,<br><br>HOWARD J. GAUTREAU AND MARIE O. GAUTREAU,<br><br>MARILYN SHAFER,<br><br>CAROLINE JOYCE S. MCCLURE,<br><br>HARRIET JONES,<br><br>IONE RENAUD,<br><br>Claimants. | NO. 2:24-cv-00909-RAJ<br><br>**STIPULATED SETTLEMENT AGREEMENT AND ORDER** |

Settlement Agreement and Order - 1
*United States v. Approximately 149 Lots of Stamps*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

WHEREAS Plaintiff United States of America, by and through Teal Luthy Miller, Acting United States Attorney for the Western District of Washington, and Krista K. Bush, Assistant United States Attorney, and Third-Party Claimants Sidney and Ann Hathaway, Lena Faye Smith, Howard J. Gautreau and Marie O. Gautreau, Marilyn Shafer, Caroline Joyce S. McClure, Harriet Jones, and Ione Renaud, (collectively, "the Parties") wish to resolve this matter without additional utilization of judicial resources and without incurring further litigation expenses:

IT IS HEREBY STIPULATED as follows:

1. On June 24, 2024, the United States filed a Verified Complaint for Forfeiture *in Rem* ("Complaint") in the United States District Court for the Western District of Washington against the following property: Approximately 149 Lots of Stamps and Other Collectible Items Associated with Invoice Numbers 33736, 33767, 33786, 33801, and 33942, Seized from Robert A. Seigel Auction Galleries, Inc. (the "Defendant Property"). *See* Dkt. Nos. 1-2 (Complaint and Attachment 1). The Federal Bureau of Investigation ("FBI") seized the Defendant Property on or about February 1, 2024 pursuant to a federal seizure warrant. *Id.* The United States Marshals Service ("USMS") took custody of the Defendant Property on or about August 23, 2024. *See* Dkt. No. 14 (Warrant of Arrest Return of Service).

2. In the Complaint, the United States alleges that the Defendant Property constitutes or is derived from proceeds of *Mail Fraud*, in violation of Title 18, United States Code, Section 1341; *Wire Fraud*, in violation of Title 18, United States Code, Section 1343; and *Conspiracy to Commit Mail and Wire Fraud*, in violation of Title 18, United States Code, Section 1349, and is subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C). The Complaint further alleges the Defendant Property is property involved in *Money Laundering*, in violation of Title 18, United States Code, Sections 1956 and 1957, and *Conspiracy to Commit Money Laundering*, in violation of

Settlement Agreement and Order - 2
*United States v. Approximately 149 Lots of Stamps*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Title 18, United States Code, Section 1956(h), and is subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(A).

3. In accordance with the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") and the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules"),[1] the United States provided notice of this civil forfeiture action by publication and provided direct notice to all known potential claimants by means reasonably calculated to reach them. *See* Dkt. No. 3 (Notice of Verified Complaint), Dkt. No. 4 (Second Notice of Verified Complaint), Dkt. No.11 (Third Notice of Verified Complaint), Dkt. No. 15 (Fourth Notice of Verified Complaint), Dkt. No. 13 (Declaration of Publication), and Dkt. No. 19 (Declaration of Krista K. Bush in Support of Request for Entry of Default ("Bush Decl.")), ¶¶ 2-16 and Exhibits A – MM. There are Seven Third-Party Claims to the Defendant Property. *See* Dkt. Nos. 6, 7, 8, 9, 10, 12, 16, 17, 21.

4. Claimants Sidney and Ann Hathaway assert an ownership interest in the Defendant Property. *See* Dkt. No. 6.

5. Claimant Lena Faye Smith asserts an ownership interest in the Defendant Property. *See* Dkt. No. 7.

6. Claimants Howard J. Gautreau and Marie O. Gautreau assert an ownership interest in the Defendant Property. *See* Dkt. No. 8.

7. Claimant Marilyn Shafer asserts an ownership interest in the Defendant Property. *See* Dkt. No. 9.

8. Claimant Caroline Joyce S. McClure asserts an ownership interest in the Defendant Property. *See* Dkt. No. 10.

---

[1] Civil forfeiture proceedings are governed by both the Federal Rules of Civil Procedure and the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions; the latter prevail if there is an inconsistency. *See* Supplemental Rule A(1)(B) and A(2); *see also* Supplemental Rule G(1) ("[t]o the extent that [Supplemental Rule G] does not address an issue, Supplement Rules C and E and the Federal Rules of Civil Procedure also apply.").

Settlement Agreement and Order - 3
*United States v. Approximately 149 Lots of Stamps*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

9. Claimant Harriet Jones asserts an ownership interest in the Defendant Property. *See* Dkt. No. 12.

10. Claimant Ione Renaud asserts an ownership interest in the Defendant Property. *See* Dkt. No. 16.

11. Lawrence Edwards has withdrawn his claim to the Defendant Property. *See* Dkt. Nos. 17, 21.

12. No other Third-Party Claims have been submitted to the Defendant Property. *See* Dkt. Nos. 18-19; *see also* Docket.

13. The Clerk of Court entered Default against all other potential claimants on January 7, 2025. Dkt. No. 19.

14. The United States has evidence regarding the claims of Sidney and Ann Hathaway, Lena Faye Smith, Howard J. Gautreau and Marie O. Gautreau, Marilyn Shafer, Caroline Joyce S. McClure, Harriet Jones, and Ione Renaud.

NOW THEREFORE, this SETTLEMENT AGREEMENT is entered into among the Parties pursuant to the following terms:

15. The Parties agree that this Settlement Agreement and Order shall be in full and complete settlement and satisfaction of all civil forfeiture issues relating to the Defendant Property.

16. The Parties agree that this Settlement Agreement and Order constitutes the complete agreement of the Parties and may not be amended without express written authorization from all of the Parties and approval of the Court.

17. The Parties further acknowledge and agree that this settlement shall not be construed to create rights in, or grant any cause of action to, any third party not covered by this Settlement Agreement and Order.

18. The Parties hereby waive all rights to challenge or contest the validity of this Settlement Agreement and Order.

19. The Parties will each bear their own costs, attorney's fees, and expenses.

Settlement Agreement and Order - 4
*United States v. Approximately 149 Lots of Stamps*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

20. The United States' agreement to this Settlement Agreement and Order is expressly premised upon the truthfulness, accuracy, and completeness in every material part of the representations made by the Third-Party Claimants.

21. The Parties agree that the United States had reasonable cause to seize and arrest the Defendant Property, and to commence and prosecute this forfeiture action against the Defendant Property. The Parties further agree that the Court may enter a certificate of reasonable cause under 28 U.S.C. § 2465(a)(2), as to the Defendant Property, upon entry of judgment or at any time thereafter, upon the United States' request.

22. The United States acknowledges Sidney and Ann Hathaway's superior interest in approximately 9.26786346509184% of the net proceeds from liquidation of the Defendant Property, up to $26,561.87 (the "Hathaway Share") and shall not seek a Judgment of Forfeiture forfeiting the Hathaway Share to the United States.

23. The United States acknowledges Lena Faye Smith's superior interest in approximately 19.6928233580611% of the net proceeds from liquidation of the Defendant Property, up to $56,440 (the "Smith Share") and shall not seek a Judgment of Forfeiture forfeiting the Smith Share to the United States.

24. The United States acknowledges Howard J. Gautreau and Marie O. Gautreau's superior interest in approximately 7.53658725255352% of the net proceeds from liquidation of the Defendant Property, up to $21,600 (the "Gautreau Share") and shall not seek a Judgment of Forfeiture forfeiting the Gautreau Share to the United States.

25. The United States acknowledges Marilyn Shafer's superior interest in approximately 6.97832153014215% of the net proceeds from liquidation of the Defendant Property, up to $20,000 (the "Shafer Share") and shall not seek a Judgment of Forfeiture forfeiting the Shafer Share to the United States.

26. The United States acknowledges Caroline Joyce S. McClure's superior interest in approximately 8.68801030502697% of the net proceeds from liquidation of the

Settlement Agreement and Order - 5
*United States v. Approximately 149 Lots of Stamps*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Defendant Property, up to $24,900 (the "McClure Share") and shall not seek a Judgment of Forfeiture forfeiting the McClure Share to the United States.

27. The United States acknowledges Harriet Jones's superior interest in approximately 13.6426185914279% of the net proceeds from liquidation of the Defendant Property, up to $39,100 (the "Jones Share") and shall not seek a Judgment of Forfeiture forfeiting the Jones Share to the United States.

28. The United States acknowledges Ione Renaud's superior interest in approximately 34.1937754976965% of the net proceeds from liquidation of the Defendant Property, up to $98,000 (the "Renaud Share") and shall not seek a Judgment of Forfeiture forfeiting the Renaud Share to the United States.

29. Upon entry of this Settlement Agreement and Order, the United States shall liquidate the Defendant Property.

30. The United States shall return the Hathaway Share of the liquidated Defendant Property to Sidney and Ann Hathaway in a manner to be agreed upon by the United States and Sidney and Ann Hathaway.

31. The United States shall return the Smith Share of the liquidated Defendant Property to Lena Faye Smith in a manner to be agreed upon by the United States and Lena Faye Smith.

32. The United States shall return the Gautreau Share of the liquidated Defendant Property to Howard J. Gautreau and Marie O. Gautreau in a manner to be agreed upon by the United States and Howard J. Gautreau and Marie O. Gautreau.

33. The United States shall return the Shafer Share of the liquidated Defendant Property to Marilyn Shafer in a manner to be agreed upon by the United States and Marilyn Shafer.

34. The United States shall return the McClure Share of the liquidated Defendant Property to Caroline Joyce S. McClure in a manner to be agreed upon by the United States and Caroline Joyce S. McClure.

Settlement Agreement and Order - 6
*United States v. Approximately 149 Lots of Stamps*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

35. The United States shall return the Jones Share of the liquidated Defendant Property to Harriet Jones in a manner to be agreed upon by the United States and Harriet Jones.

36. The United States shall return the Renaud Share of the liquidated Defendant Property to Ione Renaud in a manner to be agreed upon by the United States and Ione Renaud.

37. Any funds remaining from liquidation of the Defendant Property, after return of the Third-Party Shares identified above (the "Remaining Funds"), are fully and finally forfeited to the United States.

38. The Parties recognize that the Debt Collection Improvement Act of 1996, 31 U.S.C. § 3716, which is administered by the Treasury Offset Program ("TOP"), requires the United States Treasury to offset federal payments to collect certain delinquent debts owed to the United States by a payee. The Parties recognize, therefore, that the Shares identified in paragraphs 24-33 for return to them may be reduced by the amount of any delinquent debt TOP is required to collect.

39. Sidney and Ann Hathaway agree to hold harmless the United States (including but not limited to the Department of Justice, the FBI, the USMS, and the United States Attorney's Office for the Western District of Washington) and any agents and employees of the United States, from any and all claims in connection with or arising out of the transfer of the Hathaway Share to Sidney and Ann Hathaway, including but not limited to any third-party claims of ownership of the Hathaway Share.

40. Lena Faye Smith agrees to hold harmless the United States (including but not limited to the Department of Justice, the FBI, the USMS, and the United States Attorney's Office for the Western District of Washington) and any agents and employees of the United States, from any and all claims in connection with or arising out of the transfer of the Smith Share to Lena Faye Smith, including but not limited to any third-party claims of ownership of the Smith Share.

Settlement Agreement and Order - 7
*United States v. Approximately 149 Lots of Stamps*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

41. Howard J. Gautreau and Marie O. Gautreau agree to hold harmless the United States (including but not limited to the Department of Justice, the FBI, the USMS, and the United States Attorney's Office for the Western District of Washington, and any agents and employees of the United States, from any and all claims in connection with or arising out of the transfer of the Gautreau Share to Howard J. Gautreau and Marie O. Gautreau, including but not limited to any third-party claims of ownership of the Gautreau Share.

42. Marilyn Shafer agrees to hold harmless the United States (including but not limited to the Department of Justice, the FBI, the USMS, and the United States Attorney's Office for the Western District of Washington) and any agents and employees of the United States, from any and all claims in connection with or arising out of the transfer of the Shafer Share to Marilyn Shafer, including but not limited to any third-party claims of ownership of the Shafer Share.

43. Caroline Joyce S. McClure agrees to hold harmless the United States (including but not limited to the Department of Justice, the FBI, the USMS, and the United States Attorney's Office for the Western District of Washington) and any agents and employees of the United States, from any and all claims in connection with or arising out of the transfer of the McClure Share to Caroline Joyce S. McClure, including but not limited to any third-party claims of ownership of the McClure Share.

44. Harriet Jones agrees to hold harmless the United States (including but not limited to the Department of Justice, the FBI, the USMS, and the United States Attorney's Office for the Western District of Washington) and any agents and employees of the United States, from any and all claims in connection with or arising out of the transfer of the Jones Share to Harriet Jones, including but not limited to any third-party claims of ownership of the Jones Share.

//

//

Settlement Agreement and Order - 8
*United States v. Approximately 149 Lots of Stamps*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

45. Ione Renaud agrees to hold harmless the United States (including but not limited to the Department of Justice, the FBI, the USMS, and the United States Attorney's Office for the Western District of Washington) and any agents and employees of the United States, from any and all claims in connection with or arising out of the transfer of the Renaud Share to Ione Renaud, including but not limited to any third-party claims of ownership of the Renaud Share.

46. The Parties agree that this Settlement Agreement is subject to review and approval by the Court, as provided in the proposed Order submitted below

47. This Court shall have exclusive jurisdiction over the interpretation and enforcement of this Settlement Agreement and Order.

48. The signature page of this Settlement Agreement may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

Respectfully submitted,

TEAL LUTHY MILLER
Acting United States Attorney

DATED: March 31, 2025

*s/ Krista K. Bush*
KRISTA K. BUSH
Assistant United States Attorney
700 Stewart Street, Suite 5220
Seattle, WA 98101
Telephone: (206) 553-2242
Fax: (206) 553-6934
Krista.Bush@usdoj.gov

Settlement Agreement and Order - 9
*United States v. Approximately 149 Lots of Stamps*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**Sidney and Ann Hathaway:**

DATED: __3/14__, 2025

_[signatures]_

SIDNEY HATHAWAY
ANN HATHAWAY
Third-Party Claimants
100 Bridgewater Drive
Oakdale, PA 15071

**Lena Fay Smith:**

DATED: _____, 2025

_____
LENA FAY SMITH
Third-Party Claimant
1479 E. Goens Road
Scottsburg, IN 47170

**Howard J. and Marie O. Gautreau:**

DATED: _____, 2025

_____
HOWARD J. GAUTREAU
MARIE O. GAUTREAU
Third-Party Claimants
12524 Roddy Road
Gonzales, LA 79737-1907

**Marilyn Shafer:**

DATED: _____, 2025

_____
MARILYN SHAFER
Third-Party Claimant
132 Cooley Avenue
Ponca City, OK 74601-3401

Settlement Agreement and Order - 10
United States v. Approximately 149 Lots of Stamps

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**Sidney and Ann Hathaway:**

DATED: _____, 2025

_____
SIDNEY HATHAWAY
ANN HATHAWAY
Third-Party Claimants
100 Bridgewater Drive
Oakdale, PA 15071

**Lena Fay Smith:**

DATED: *3-18-2025*, 2025

*Lena Faye Smith*
LENA FAY SMITH
Third-Party Claimant
1479 E. Goens Road
Scottsburg, IN 47170

**Howard J. and Marie O. Gautreau:**

DATED: _____, 2025

_____
HOWARD J. GAUTREAU
MARIE O. GAUTREAU
Third-Party Claimants
12524 Roddy Road
Gonzales, LA 79737-1907

**Marilyn Shafer:**

DATED: _____, 2025

_____
MARILYN SHAFER
Third-Party Claimant
132 Cooley Avenue
Ponca City, OK 74601-3401

Settlement Agreement and Order - 10
*United States v. Approximately 149 Lots of Stamps*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**Sidney and Ann Hathaway:**

DATED: _____, 2025

_____
SIDNEY HATHAWAY
ANN HATHAWAY
Third-Party Claimants
100 Bridgewater Drive
Oakdale, PA 15071

**Lena Fay Smith:**

DATED: _____, 2025

_____
LENA FAY SMITH
Third-Party Claimant
1479 E. Goens Road
Scottsburg, IN 47170

**Howard J. and Marie O. Gautreau:**

DATED: 03-18, 2025

*/s/ Howard J. Gautreau*
*/s/ Marie O. Gautreau*
HOWARD J. GAUTREAU
MARIE O. GAUTREAU
Third-Party Claimants
12524 Roddy Road
Gonzales, LA 79737-1907

**Marilyn Shafer:**

DATED: _____, 2025

_____
MARILYN SHAFER
Third-Party Claimant
132 Cooley Avenue
Ponca City, OK 74601-3401

Settlement Agreement and Order - 10
*United States v. Approximately 149 Lots of Stamps*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**Sidney and Ann Hathaway:**

DATED: _____, 2025

_____
SIDNEY HATHAWAY
ANN HATHAWAY
Third-Party Claimants
100 Bridgewater Drive
Oakdale, PA 15071

**Lena Fay Smith:**

DATED: _____, 2025

_____
LENA FAY SMITH
Third-Party Claimant
1479 E. Goens Road
Scottsburg, IN 47170

**Howard J. and Marie O. Gautreau:**

DATED: _____, 2025

_____
HOWARD J. GAUTREAU
MARIE O. GAUTREAU
Third-Party Claimants
12524 Roddy Road
Gonzales, LA 79737-1907

**Marilyn Shafer:**

DATED: March 19, 2025

*/s/ Marilyn Shafer*
MARILYN SHAFER
Third-Party Claimant
132 Cooley Avenue
Ponca City, OK 74601-3401

Settlement Agreement and Order - 10
*United States v. Approximately 149 Lots of Stamps*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

|   |   |
|---|---|
| 1 | **Carolin Joyce S. McClure:** |
| 2 | |
| 3  DATED: _March 13_, 2025 | *Caroline Joyce McClure* (signature) |
| 4 | CAROLINE JOYCE S. MCCLURE |
|   | Third-Party Claimant |
| 5 | 401 W. Spring Street |
| 6 | Lewistown, MT 59457-3150 |
| 7 | |
| 8 | **Harriet Jones:** |
| 9  DATED: _____, 2025 | _____ |
| 10 | HARRIET JONES |
| 11 | Third-Party Claimant |
|    | 267 Pea Ridge Road |
| 12 | Oak Hill, WV 25901-9416 |
| 13 | |
| 14 | |
| 15 | **Ione Renaud:** |
| 16 | |
| 17  DATED: _____, 2025 | _____ |
| 18 | IONE RENAUD |
| 19 | Third-Party Claimant |
|    | 2330 Dogwood Trail |
| 20 | DeRidder, LA 70634 |

Settlement Agreement and Order - 11
*United States v. Approximately 149 Lots of Stamps*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**Carolin Joyce S. McClure:**

DATED: _____, 2025

_____
CAROLINE JOYCE S. MCCLURE
Third-Party Claimant
401 W. Spring Street
Lewistown, MT 59457-3150

**Harriet Jones:**

DATED: *Mar. 7*, 2025

*/s/ Harriett C. Jones*
HARRIET JONES
Third-Party Claimant
267 Pea Ridge Road
Oak Hill, WV 25901-9416

**Ione Renaud:**

DATED: _____, 2025

_____
IONE RENAUD
Third-Party Claimant
2330 Dogwood Trail
DeRidder, LA 70634

Settlement Agreement and Order - 11
*United States v. Approximately 149 Lots of Stamps*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**Carolin Joyce S. McClure:**

DATED: _____, 2025

_____
CAROLINE JOYCE S. MCCLURE
Third-Party Claimant
401 W. Spring Street
Lewistown, MT 59457-3150

**Harriet Jones:**

DATED: _____, 2025

_____
HARRIET JONES
Third-Party Claimant
267 Pea Ridge Road
Oak Hill, WV 25901-9416

**Ione Renaud:**

DATED: *March 11*, 2025

*/s/ Ione Renaud*
IONE RENAUD
Third-Party Claimant
2330 Dogwood Trail
DeRidder, LA 70634

Settlement Agreement and Order - 11
United States v. Approximately 149 Lots of Stamps

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**ORDER**

1. The foregoing Settlement Agreement is hereby approved.

2. The United States shall liquidate the Defendant Property.

3. The United States shall return the following property to Third-Party Claimants, as set forth below and the accompanying table:

    a. Sidney and Ann Hathaway: approximately 9.26786346509184% of the net proceeds from liquidation of the Defendant Property, up to $26,561.87.

    b. Lena Faye Smith: approximately 19.6928233580611% of the net proceeds from liquidation of the Defendant Property, up to $56,440.

    c. Howard J. Gautreau and Marie O. Gautreau: approximately 7.53658725255352% of the net proceeds from liquidation of the Defendant Property, up to $21,600.

    d. Marilyn Shafer: approximately 6.97832153014215% of the net proceeds from liquidation of the Defendant Property, up to $20,000.

    e. Caroline Joyce S. McClure: approximately 8.68801030502697% of the net proceeds from liquidation of the Defendant Property, up to $24,900.

    f. Harriet Jones: approximately 7.32997109974425% of the net proceeds from liquidation of the Defendant Property, up to $39,100.

    g. Ione Renaud: approximately 34.1937754976965% of the net proceeds from liquidation of the Defendant Property, up to $98,000.

Settlement Agreement and Order - 12
*United States v. Approximately 149 Lots of Stamps*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

| Third-Party Claimant | Percentage of Net Proceeds | Maximum Payment |
|---|---|---|
| Sidney and Ann Hathaway | 9.26786346509184 % | $26,561.87 |
| Lena Faye Smith | 19.6928233580611 % | $56,440.00 |
| Howard J. Gautreau and Marie O. Gautreau | 7.53658725255352 % | $21,600.00 |
| Marilyn Shafer | 6.97832153014215 % | $20,000.00 |
| Caroline Joyce S. McClure | 8.68801030502697 % | $24,900.00 |
| Harriet Jones | 13.6426185914279 % | $39,100.00 |
| Ione Renaud | 34.1937754976965 % | $98,000.00 |
|  | 100 % | $286,601.87 |

4. Any funds remaining from liquidation of the Defendant Property after the property identified in paragraph 3 is returned to the Third-Party Claimants (the "Remaining Funds") are FORFEITED to the United States.

    a. No right, title, or interest in the Remaining Funds exists in any party other than the United States;

    b. The Remaining Funds are fully and finally condemned and forfeited, in their entirety, to the United States; and

    c. The United States, the Federal Bureau of Investigation ("FBI"), the United States Marshals Service ("USMS"), and/or its representatives, are authorized to dispose of the Remaining Funds in accordance with the law.

5. Based upon the allegations set forth in the Complaint filed on June 24, 2024 (Dkt. No. 1) and the Parties' Stipulated Settlement Agreement, the Court hereby finds the United States had reasonable cause to seize and arrest the Defendant Property and to commence and prosecute this forfeiture action against the Defendant Property. This Order shall constitute a certificate of reasonable cause for the purposes of 28 U.S.C. § 2465.

Settlement Agreement and Order - 13
*United States v. Approximately 149 Lots of Stamps*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

6. Each party shall bear its own costs, attorney's fees, and expenses.

7. This Court shall retain jurisdiction for the purpose of enforcing the terms of this Order.

Pursuant to this agreement, the Court hereby DISMISSES this action.

IT IS ORDERED.

DATED this 15th day of April, 2025

*Richard A. Jones*
THE HONORABLE RICHARD A. JONES
United States District Judge

Settlement Agreement and Order - 14
*United States v. Approximately 149 Lots of Stamps*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970